In the Matter of Samuel Koffler, Respondent.

First Department, July 15, 1932.

*Einar Chrystie*, for the petitioner.

· Respondent, in person.

Finch, P. J. This is an application by way of an order to show cause why one Samuel Koffler should not be adjudged guilty of contempt of court by reason of his violation and disobedience of an order of this court entered on December 15, 1930, and why he should not be punished for such contempt.

The facts out of which this application arises are substantially as follows:

On March 7, 1930, the Association of the Bar of the City of New York instituted disciplinary proceedings against the above-named Samuel Koffler by presenting a petition to this court containing charges of professional misconduct against said Koffler, who was then a member of the bar of the State of New York. A copy of said petition, together with notice that the same would be pre-

sented to this court, was personally served on Samuel Koffler on February 27, 1930. On March 14, 1930, an order was made and entered by this court appointing Alfred R. Page, official referee, to take proof of the charges set forth in the said petition and to report the same with his opinion thereon. Thereafter said referee held hearings and was attended thereon by said Samuel Koffler in person and by the attorney for the petitioner, and testimony was offered in support of the charges and in answer thereto. On October 7, 1930, the said referee filed his report in the office of the clerk of this court, wherein he found that the charges set forth in the petition had been sustained by the evidence adduced before him.

On October 14, 1930, a notice of motion praying this court to take such action upon said petition, answer, report and other papers as it deemed just and proper was served on the said Samuel Koffler returnable October 24, 1930. The proceeding was thereafter adjourned to November 7, 1930. On November 5, 1930, Koffler signed and executed a consent to the entry of an order striking his name from the roll of attorneys and counselors at law of the State of New York. On December 15, 1930, an order was duly entered by this court striking the name of the said Samuel Koffler from the roll of attorneys and counselors at law of the State of New York. On December 26, 1930, a certified copy of said order, with notice of entry, was personally served upon the said Samuel Koffler. This order, among other things, provided: " Ordered that the name of the said Samuel Koffler be stricken from the roll of attorneys and counsellors at law in the State of New York; and it is further unanimously

" Ordered that the said Samuel Koffler be and he hereby is commanded to desist and refrain from the practice of law in any form either as principal, or agent, or clerk, or employee of another, from the date of the entry of this order; and it is further unanimously

" Ordered that the said Samuel Koffler be and he hereby is forbidden for compensation or reward to appear as an attorney and counsellor at law, before any court, judge, justice, board, commission, or other public authority, from the date of the entry of this order; and it is further unanimously

" Ordered that the said Samuel Koffler be and he hereby is forbidden for compensation or reward to give to another an opinion as to the law or its application or advice with relation thereto from the date of the entry of this order."

The petition now presented then goes on to allege upon infor-

mation and belief that said Samuel Koffler has violated said order of December 15, 1930, in that on the 21st day of September, 1931, in the Municipal Court of the City of New York, Borough of Manhattan, Eighth District, the said Samuel Koffler stated and represented to said Municipal Court that he was an attorney at law entitled to practice as such; that on said 21st day of September, 1931, he did practice as an attorney at law in said court and examined witnesses as counsel for the plaintiff in an action tried therein before Hon. THOMAS J. WHALEN, one of the justices of said court, in which Robert Altz was plaintiff and Julia Chessler was defendant, and that on said 21st day of September, 1931, he testified as a witness under oath in the course of the trial of the said action of Altz v. Chessler and while so doing falsely stated and represented to the court that he was an attorney and counselor at law qualified to testify as an expert as to the value of services rendered by another attorney, to wit, one Burton A. Koffler, the attorney of record for the plaintiff in said action.

In answer to the petition the said Samuel Koffler submits an affidavit, which in part is as follows: " On September 21st, 1931, I tried the case of Altz-Chessler in the 8th District, Municipal Court. The attorney for the plaintiff in this action was Burton A. Koffler, my nephew, admitted at that time about one year, who did not know of my resignation from the Bar, and to whom I did not reveal that fact.

" * * * My nephew asked me whether I, his uncle, would take his testimony. Not desiring to inform him of my resignation I consented to do so. On my part there was no intention or desire to offend the Court or to violate its order. I regret exceedingly my doing so and humbly apologize to the court and am certain there will be no repetition thereof.

" I did not hold myself out as attorney and counsellor at law, was not retained by the plaintiff and did not receive any compensation whatever either from the plaintiff or his attorney, my nephew, or from any one else.

" What any person similarly situated as your deponent would do under such circumstances, I did. My conduct was not contumacious. I just could not tell my nephew that I no longer was a member of the Bar. My resignation from the Bar was to avoid the publicity attending disciplinary proceedings and to convince this Honorable Court that my act was just an isolated delicate matter with no intention to resume the practice of the law. I call to the attention of the Court these facts."

Upon the record in the Municipal Court the following appears: " By plaintiff's counsel (Samuel Koffler)," and the record then

shows that said Samuel Koffler conducted the examination of his nephew. The following then appears in the record: "Samuel Koffler, trial counsel herein for and on behalf of the plaintiff, having been duly sworn by the Court, testified as follows: By the Court: Q. What is your name? A. Samuel Koffler. Q. Where do you live? A. I reside at 99 Beach 33rd Street, Edgemere, Long Island. I was admitted in 1909, and have practiced law ever since. I have heard the testimony of the witness Burton A. Koffler, and in my opinion, the services rendered by him in favor of the plaintiff in this action, who was the defendant in the previous action, is reasonably worth $100. Plaintiff's Counsel: That's the plaintiff's case."

It thus clearly appears that the above named Samuel Koffler not only acted as counsel for the plaintiff upon this trial but also testified by fair inference that he was admitted in 1909 and had practiced law ever since, fairly meaning thereby down to the time that he was testifying. Thereupon the said Samuel Koffler testified as an expert as to the reasonable value of the services rendered by the plaintiff.

Practicing as an attorney and counselor at law after his name had been stricken from the rolls and when he had no right to act as such, which was also a deliberate violation of the order of this court, constitutes a contempt of this court, and the only question is what punishment should this court impose.

Taking into consideration the pecuniary circumstances of this respondent, the judgment of this court is that the respondent should be fined $100 and in default of the payment of that fine respondent should be imprisoned for twenty-five days.

MERRELL, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Motion granted and respondent fined $100, and in default thereof to be imprisoned for twenty-five days. Settle order on notice.