In the Matter of STEPHEN J. SZENDY, JR., Respondent.

First Department, March 15, 1935.

*Einar Chrystie*, for the motion.

*Stephen J. Szendy, Jr.*, opposed.

MARTIN, P. J. The petitioner, the Association of the Bar of the City of New York, seeks to have one Stephen J. Szendy, Jr., adjudged guilty of contempt of court because of his willful disobedience of an order entered herein on July 12, 1932.

On November 20, 1931, disciplinary proceedings were instituted against the above-named Stephen J. Szendy, Jr., who was then a member of the bar of the State of New York, by petitioner presenting to this court a petition and supplemental petition containing

charges of professional misconduct against him. Copies of said petition and supplemental petition, together with notices that the same would be presented to this court, were personally served upon said Szendy on November 2, 1931, and February 10, 1932, respectively. On December 4, 1931, and February 26, 1932, orders were made and entered by this court appointing a referee to take proof of the charges set forth in the petition and supplemental petition and to report the same with his opinion thereon.

On April 28, 1932, while said proceeding was pending and undetermined by this court, Stephen J. Szendy, Jr., signed and executed a consent to the entry of an order striking his name from the roll of attorneys and counselors at law of the State of New York.

On July 12, 1932, an order was duly entered by this court, and on July 28, 1932, a certified copy of said order with notice of entry thereof was personally served upon the said Stephen J. Szendy, Jr. Said order, among other things, provides:

" *Ordered* that the name of the said Stephen J. Szendy, Jr., be stricken from the roll of attorneys and counselors at law in the State of New York; and it is further unanimously

" *Ordered* that the said Stephen J. Szendy, Jr., be and he hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent or clerk or employee of another, from the date of the entry of this order; and it is further unanimously

*Ordered* that the said Stephen J. Szendy, Jr., be and he hereby is forbidden for compensation or reward to appear as an attorney and counselor at law, before any court, judge, justice, board, commission, or other public authority, from the date of the entry of this order; and it is further unanimously

" *Ordered* that the said Stephen J. Szendy, Jr., be and he hereby is forbidden for compensation or reward to give to another an opinion as to the law or its application or advice with relation thereto from the date of the entry of this order."

By the petition herein it is shown by the affidavit of Joseph Himmelsbach, verified June 13, 1934, and by the affidavit of Michael Giller, verified November 26, 1934, that said Stephen J. Swendy, Jr., has violated said order of July 12, 1932, in that he did obtain $60 from said Joseph Himmelsbach by stating and representing to him that he was an attorney at law entitled to practice as such in the State of New York, and that in consideration of said $60 and the further sum of $140, to be paid to him thereafter, he would bring an action for divorce on behalf of said Himmelsbach against his wife, and in that said Szendy thereafter prepared a paper purporting to be a summons and complaint in an action in the Supreme Court,

State of New York, in which said Joseph Himmelsbach was designated as plaintiff and his wife as the defendant, in which summons and complaint the said Szendy used the name of Michael Giller as attorney for the plaintiff therein, without the knowledge or consent of the said Giller, and in that the said Szendy thereafter caused said summons and complaint to be served upon Elsie Zweir Himmelsbach, the wife of said Joseph Himmelsbach.

The order to show cause herein and supporting affidavits were duly personally served upon Stephen J. Szendy, Jr., on the 1st day of December, 1934. Upon the return day of said order to show cause, namely, December 14, 1934, said Szendy appeared and was given until December 17. 1934, to answer. No answer has been submitted.

Respondent is held to be in contempt of this court, and fined the sum of $250, in default of payment of which sum he shall be imprisoned for thirty days.

MERRELL, O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Motion to punish respondent for contempt granted.