(July 17, 1991)

■ In the Matter of EDWARD P. ABBOTT, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. By order entered November 2, 1990, respondent was suspended from the practice of law by this court for a three-year period effective December 3, 1990 *(Matter of Abbott,* 167 AD2d 617). The effective date of respondent's suspension was thereafter postponed until January 18, 1991 by order dated December 18, 1990. Petitioner, the Committee on Professional Standards, has now moved to hold respondent in contempt for failure to comply with this court's November 2, 1990 and December 18, 1990 orders. Respondent has made motions to (1) vacate the November 2, 1990 decision and order suspending him and to require this court to accept an amended answer to the original petition of charges, and (2) vacate decisions dated May 3, 1991 and May 21, 1991 in this matter. The May 3, 1991 decision dismissed cross-petitions served by respondent seeking to discipline certain named attorneys. They were dismissed because respondent had no standing to commence attorney disciplinary proceedings and because of lack of merit. The May 21, 1991 decision denied motions by respondent for default judgments on his cross-petitions.

The November 2, 1990 order, by its own terms and its requirement of compliance with 22 NYCRR 806.9 of this court's rules which, in turn, requires suspended attorneys to comply fully with Judiciary Law §§ 478, 479, 484 and 486, comprehensively prohibits respondent from, among other things, practicing law in any way, giving the appearance of practicing law or giving the appearance of being entitled to practice law on and after the order's effective date.

After consideration of the affidavit and exhibits offered by petitioner in support of its motion for contempt, as well as respondent's answering affidavit and objections to the motion, we find that respondent has willfully failed to fully comply with this court's orders suspending him from the practice of law and that he should be held in contempt.

First, respondent has continued to maintain an office in the Norstar Bank Building in the City of Ithaca giving at least the appearance of a law office. It is not denied that the lobby

building directory, as of April 8, 1991, contained the listing, "Abbott Edward P/Attorney At Law/707" and his office door carried a similar designation. We find unpersuasive respondent's excuse that the listing and designation merely assist in the delivery of mail and that the directory is under the control of the building's owners.

Second, respondent has continued to use letterhead and envelopes identifying him as an "Attorney and Counselor at Law". While respondent seeks to place blame on a new secretary for the sporadic use of such stationery after the effective date of his suspension from practice, we note that he has had more than adequate opportunity to rid his office of the offending supplies and had an obligation to insure punctilious compliance with this court's orders.

Third, respondent has continued to represent clients or attempted to do so after the effective date of his suspension. He attempted to obtain a power of attorney from a former client and, when he failed, continued to issue correspondence and legal documents in her name from his office without her authority under the pretense of her authorization to proceed as "attorney-in-fact". He has written letters to an Ithaca City Court Judge on behalf of a former client. He has continued to hold certain estate funds in his escrow account. He has also written a letter to an Ithaca attorney under the caption "Van Buren vs County of Tompkins and Town of Ithaca" in which he discusses the substantive and procedural aspects of the captioned legal matter on Van Buren's behalf.

Finally, respondent failed to send written notice of his suspension to his client Naples or to an adversary's attorney, Holmberg, until late March 1991, thereby failing to comply with the requirement of prompt written notice set forth in 22 NYCRR 806.9 (d) (1) of this court's rules.

Respondent has requested a hearing on the factual assertions of the affidavit in support of the contempt motion. However, we find that a hearing is not necessary under the circumstances presented. In a 52-page answering affidavit and objections attaching over 110 pages of exhibits, respondent offers excuses and alternative explanations and conclusions concerning petitioner's factual allegations, such as those noted above, but does not effectively cast doubt on any of the facts themselves. On the other hand, petitioner adequately supports its allegations with documentary evidence such as a photo of the building lobby directory, copies of offending letters and envelopes, and relevant affidavits.

Respondent also questions this court's authority to hold him in contempt for violation of the suspension orders. However, such authority is specifically set forth in Judiciary Law § 90 (2) (b) which states, in pertinent part: "If a certified copy of such order or of such amended order, be served upon the attorney and counsellor-at-law suspended or removed from office, a violation thereof may be punished as a contempt of court."

Respondent also makes several other objections to the motion, all of which we find devoid of merit.

In view of the willful violations of the suspension orders which we find respondent guilty of, as set forth above, and their attendant circumstances, we find respondent in contempt of court and conclude that he should be fined $500 (see, Judiciary Law § 90 [2] [b]; *Matter of Louison,* 143 AD2d 62; *Matter of Spar,* 100 AD2d 71; *Matter of Ratafia,* 268 App Div 987; *Matter of New York County Lawyers' Assn. v Lehman,* 256 App Div 677; *Matter of Szendy,* 244 App Div 49; *Matter of Brooklyn Bar Assn. [Firpo],* 240 App Div 724; *Matter of Koffler,* 236 App Div 240; *see also,* Judiciary Law § 751 [1]).

We further deny respondent's motions to vacate the suspension order of November 2, 1990 and the May 3 and May 21, 1991 decisions. In doing so, we specifically reject as unfounded respondent's continuing contentions that the entire disciplinary proceeding against him is somehow the product of fraud and professional misconduct on the part of others and that he was duped into allowing the submission of his original answer admitting the charges set forth in the petition (see, *Matter of Abbott, supra*). We also reaffirm the dismissal of the cross-petitions as proper for the reasons stated in our May 3, 1991 decision.

Mahoney, P. J., Weiss, Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that petitioner's motion is granted and respondent is adjudged guilty of contempt of court pursuant to Judiciary Law § 90 (2) (b) for his willful failure to fully comply with this court's orders, dated November 2, 1990 and December 18, 1990 which suspended respondent from the practice of law for a period of three years, effective January 18, 1991; respondent fined $500 for his contempt, which fine is to be paid to the clerk of this court within 10 days of service of this order; respondent's motion to vacate this court's decision and order of November 2, 1990 suspending him from practice and for other just relief is denied; respondent's cross-motions to, *inter alia,* vacate the decision of May 3, 1991 dismissing his

cross-petitions and to vacate the decision of May 21, 1991 denying his motions for default judgments on his cross-petitions are denied.