(December 30, 1997)

■ In the Matter of SAMUEL W. ROBERTS, III, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [667 NYS2d 78] —Per Curiam. Respondent was admitted to practice in 1971 by the Appellate Division, Second Department. He has maintained law offices in Montgomery and Hamilton Counties.

In February 1996, respondent was suspended from practice pending his full compliance with a subpoena duces tecum issued by petitioner, the Committee on Professional Standards (*see, Matter of Roberts*, 224 AD2d 801).

In June of this year, petitioner moved for an order punishing respondent for contempt for failure to comply with the suspension order. Despite being granted several extensions of his time to reply, respondent has not substantively replied to the motion. Petitioner now applies for a default judgment on its motion. The default judgment motion was served by mail at respondent's Amsterdam law office address. He has not timely replied to the motion or otherwise appeared in response to it. We find that his lack of response to the default judgment motion is tantamount to an admission of the allegations of the contempt motion, which allegations petitioner supports by affi-

davit and exhibits (*see, e.g., Matter of Schlesinger*, 201 AD2d 751; *Matter of Lynch*, 227 App Div 477, 479).

From petitioner's evidence, it appears clear that respondent is in violation of the suspension order. As of the early summer of 1997, his law office in Amsterdam was still open and a secretary answered the phone "law office." The local yellow pages continued to list respondent's law office and law office telephone number. He has not yet submitted an affidavit of compliance with section 806.9 of this Court's rules and with the suspension order (*see,* 22 NYCRR 806.9 [f]). He has failed to notify estate clients and opposing counsel of his suspension. Petitioner identifies several estates being handled by respondent in which he failed to send the required notices. Respondent has failed to withdraw as attorney of record in a number of estates pending in Surrogate's Court, despite being ordered to do so by the Surrogate. The Surrogate also encouraged new counsel in one of the estates to move to hold respondent in contempt for his failure to provide the accounting in the estate, as ordered by the Surrogate. Respondent has failed to distribute funds belonging to clients held in his escrow accounts. Respondent has also failed to respond to an inquiry by petitioner alleging, among other things, that respondent's actions with respect to an estate were in violation of the suspension order. Finally, after the effective date of his suspension, respondent took actions in furtherance of his representation of at least three estates.

In view of the willful violations of the suspension order which we find respondent guilty of, as set forth above, and their attendant circumstances, we find respondent in contempt of court and conclude that he should be fined $1,500 (*see, e.g., Matter of Abbott*, 175 AD2d 396, *appeal dismissed* 78 NY2d 1124).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that petitioner's contempt motion is granted and respondent is adjudged guilty of contempt of court pursuant to Judiciary Law § 90 (2) for his willful failure to comply with this Court's order suspending him from practice; and it is further ordered the respondent is fined $1,500 for his contempt, which fine is to be paid to the clerk of this Court within 10 days of service of this order.