Matter of Burney (2020 NY Slip Op 02707)





Matter of Burney


2020 NY Slip Op 02707


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

PM-73-20

[*1]In the Matter of Nathaniel Edward Burney, an Attorney. (Attorney Registration No. 2976066.)

Calendar Date: March 2, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Nathaniel Edward Burney, Florence, Alabama, respondent
pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1999 and presently lists a business address in Alabama with the Office of Court Administration. Following receipt of a client complaint, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into potential misconduct on the part of respondent. Thereafter, alleging that respondent had failed to cooperate with its investigation, AGC moved for respondent's interim suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9.
On the eve of the return date, respondent submitted an affirmation in response to AGC's motion, which sought to address the allegations of the complaint. Based on the information provided therein, the matter was adjourned, upon AGC's request, to allow for respondent's cooperation with AGC's investigation. However, AGC has since advised that respondent has not responded to its requests for information and documents prompted by his affirmation and, accordingly, it has requested that the matter remain on the Court's calendar for consideration. In response, respondent has stated that his failure to respond to the requests of AGC stemmed from an unexpected illness and because he had lost access to his firm's emails. The parties have made no further submissions.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), a respondent may be suspended from the practice of law during the pendency of a disciplinary investigation upon a showing that he or she "has engaged in conduct immediately threatening the public interest." Proof that a respondent has "'defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena, or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation'" is sufficient to establish such conduct (Matter of McCoy-Jacien, 175 AD3d 801, 802 [2019], quoting Matter of DiStefano, 154 AD3d 1055, 1057 [2017]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
Having reviewed the parties' submissions, we find that AGC has sufficiently established respondent's failure to comply with its demands for documents, as well as his failure to appear for an examination. It is evident that respondent received multiple notices asking him to respond to his client's complaint and to appear for an examination and that he initially made no effort to respond (see Matter of Ackerman, 167 AD3d 1151, 1152 [2018]). Further, while respondent eventually provided an answer to the complaint in response to this motion, he has since failed to comply with lawful requests for documents pertaining to his client's file (see Matter of Basch, 175 AD3d 1772, 1773 [2019]; Matter of Cracolici, 173 AD3d 1430, 1431 [2019]). We find that respondent's belated efforts to provide the bare minimum compliance are insufficient to demonstrate his cooperation with AGC (see Matter of Tomney, 175 AD3d 810, 811 [2019]; Matter of DiStefano, 154 AD3d at 1056). Finally, we find that respondent's assertion that he can no longer access his files does not excuse his failure to comply with a lawful investigation into his potential misconduct (see Matter of Tomney, 175 AD3d at 811). Accordingly, we grant AGC's motion to suspend respondent on an interim basis while the investigation is pending, and remind respondent that he has an affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order; his failure to do so may result in his disbarment without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see also Matter of Fritzsch, 170 AD3d 1422, 1423 [2019], lv dismissed 34 NY3d 943 [2019]).
Garry, P.J., Egan Jr., Lynch, Mulvey and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).