Matter of Siegel (2021 NY Slip Op 02054)





Matter of Siegel


2021 NY Slip Op 02054


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

PM-44-21

[*1]In the Matter of Deanna L. Siegel, an Attorney. (Attorney Registration No. 1961747.)

Calendar Date: February 15, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Deanna L. Siegel, Schenectady, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1985 and currently operates a matrimonial and family law practice in Schenectady County. Alleging that respondent has failed to cooperate with an investigation stemming from a client complaint, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to suspend respondent from the practice of law during the pendency of its investigation pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent has submitted an affidavit in response to the motion and AGC has submitted an affirmation in reply.
Upon the application or motion of a grievance committee, a respondent may be suspended during the pendency of a disciplinary investigation or proceeding upon a showing that he or she "has engaged in conduct immediately threatening the public interest" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). Conduct that threatens the public interest may consist of, among other things, "'proof that the respondent has defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena, or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation'" (Matter of Cracolici, 173 AD3d 1430, 1431 [2019], quoting Matter of DiStefano, 154 AD3d 1055, 1057 [2017]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
In her response to AGC's motion, respondent does not dispute that she failed to comply with AGC's demands. Consistent with her admission, the record readily establishes that respondent failed to respond to two separate notices advising her of the client complaint and directing her to submit a detailed response, failed to appear at an examination under oath in November 2020 and failed to provide a copy of her client's file. Instead of contesting these facts, respondent offers an explanation for her failure to comply and asks this Court to forgo a suspension. While we are sympathetic to respondent's proffered hardships, it is clear from the parties' submissions that AGC has been patient with respondent and has still received minimal compliance with its requests (see Matter of Tomney, 175 AD3d 810, 811 [2019]). To that end, in her response to the instant motion, respondent provided assurances to this Court that she would provide a response to the complaint and a copy of her client file within a week of her submission. Nonetheless, AGC has advised us that respondent has only recently provided a belated response to the complaint, well after the time frame she had promised. Further, AGC states that respondent's answer to the complaint was deficient, and there is no indication that she turned over a copy of her client's file. We find that this last minute attempt at offering minimal compliance does not warrant the denial of [*2]AGC's motion (see Matter of Burney, 183 AD3d 1005, 1006-1007 [2020]; see also Matter of Meltzer, 189 AD3d 80, 82 [2020]).
Accordingly, having determined that AGC has established that respondent's failure to respond to the complaint and her failure to comply with its lawful requests threatens the public interest, we grant the motion and suspend respondent from the practice of law indefinitely during the pendency of its investigation. Further, we remind respondent that she has an affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order, and that a failure to do so may result in her disbarment without further notice (see Matter of Fritzsch, 170 AD3d 1422, 1423 [2019], lv dismissed 34 NY3d 943 [2019]; Matter of Evans, 154 AD3d 187, 189—190 [2017]).
Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).