Matter of Krinsky (2021 NY Slip Op 03519)





Matter of Krinsky


2021 NY Slip Op 03519


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

PM-76-21
[*1]In the Matter of Pery D. Krinsky, an Attorney. (Attorney Registration No. 4084844.)

Calendar Date:April 19, 2021

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Pery D. Krinsky, New York City, respondent pro se.



Per Curiam.
Respondent was admitted to practice by the Appellate
Division, First Department in 2002 and currently maintains a law
practice in Manhattan primarily focused upon the defense of
other attorneys in professional matters. In August
2018, the Attorney Grievance Committee of the First Judicial
Department commenced a sua sponte investigation of respondent's
potential misconduct during his representation of another attorney before the First Department Attorney Grievance Committee. Respondent's file was thereafter transferred to this Court by May 2019 order of the First Department and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly assumed the investigation of respondent's conduct. An additional matter concerning allegations of respondent's potential misconduct was thereafter also transferred to this Court by May 2020 First Department order. Alleging that respondent has failed to respond to its lawful requests for answers to the underlying complaints, AGC now moves to suspend respondent from the practice of law during the pendency of its investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]; Rules of App Div, 3d Dept [22 NYCRR] § 806.9). Respondent has responded to the motion and AGC has submitted an affirmation in reply.
Upon the application or motion of a grievance committee, a respondent may be suspended during the pendency of a disciplinary investigation or proceeding upon a showing that he or she "has engaged in conduct immediately threatening the public interest" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). Conduct that threatens the public interest may consist of, among other things, proof of "the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]; see Matter of Cracolici, 173 AD3d 1430, 1431 [2019]; Matter of DiStefano, 154 AD3d 1055, 1057 [2017]).
AGC's submissions reflect that it sent two separate notices for each complaint to both respondent's law office address and his email address on file with the Office of Court Administration, and thereafter received no reply or contact from respondent (see Matter of Basch, 175 AD3d 1772, 1774 [2019]). On that point, respondent concedes that, up until his filing of his response to AGC's instant motion to suspend him, he had failed to comply with AGC's investigations. Instead, respondent apologizes for his failure to comply, assures compliance going forward and represents that he forwarded answers to the complaints to AGC on the same day that he signed his response to its motion to suspend him. However, AGC has since replied and advised that it has not received any submissions from respondent regarding the complaints, nor had it received respondent's opposition to the motion to suspend him. Further, AGC has also provided proof that it has since attempted to contact [*2]respondent by email in order to advise respondent that it had not received any of the documents that respondent had professed to have sent. Despite being advised that AGC was not in receipt of the necessary responses to the complaints, respondent has failed to make any statement or offer any proof controverting AGC's representations. Further, at respondent's request, which request came nearly four weeks after AGC's reply, this Court afforded him one last opportunity to submit a surreply and address AGC's statements. Despite providing him with the requested time to make his submission, this Court again received nothing from respondent.
Having reviewed the parties' submissions, we find that respondent has failed to rebut AGC's proof of his failure to comply with its investigations. Further, we find that respondent's remaining contentions seeking to distinguish his matter from other instances of noncompliance warranting suspension have no merit. To this end, respondent notes that AGC has not requested his appearance for an examination under oath and suggests his willingness to participate in such an examination. However, a request to appear for an examination before AGC is not a prerequisite to a motion pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), as the failure to respond to its lawful requests seeking responses to the complaints is alone sufficient under the rule (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]). We also reject respondent's contention that, because he is not being investigated for allegations of misappropriating client money, he does not deserve to be suspended. In this case, it is his failure to cooperate with the disciplinary investigation that constitutes the conduct threatening the public interest and justifies his suspension, not the alleged misconduct underlying AGC's investigations. Finally, we note that the act of responding to a motion seeking an attorney's suspension for noncompliance is insufficient on its own to ward off a suspension; rather, the attorney must rebut the allegations that he has failed to comply (see Matter of Siegel, 193 AD3d 1177, 1178 [2021]; Matter of Burney, 183 AD3d 1005, 1006-1007 [2020]; Matter of Tan, 164 AD3d 1537, 1538 [2018]). Respondent has failed to do so in this matter.
In total, we find that AGC has established that respondent's failure to respond to its lawful requests threatens the public interest, and we therefore grant the motion and suspend respondent from the practice of law indefinitely during the pendency of AGC's investigation. Further, we remind respondent that the burden falls on him to make efforts to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order, and that a failure to do so may result in his disbarment without further notice (see Matter of Fritzsch, 170 AD3d 1422, 1423 [2019], lv dismissed 34 NY3d 943 [2019]; Matter of Evans, 154 AD3d 187, [*3]189—190 [2017]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).