Matter of Barry (2021 NY Slip Op 05916)





Matter of Barry


2021 NY Slip Op 05916


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

PM-144-21
[*1]In the Matter of Peter Hughes Barry, a Suspended Attorney. (Attorney Registration No. 4260097.)

Calendar Date:August 16, 2021

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Office of James E. Long, Esq., Albany (James E. Long of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2004 and has listed a business address in the City of Saratoga Springs, Saratoga County with the Office of Court Administration. Based upon his failure to cooperate with an investigation into his alleged misconduct, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) sought respondent's interim suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; Rules of App Div, 3d Dept [22 NYCRR] § 806.9). Respondent did not respond to the motion and, by November 2018 order, this Court granted AGC's motion and suspended respondent from the practice of law indefinitely, pending his cooperation with AGC's investigation (166 AD3d 1373 [2018]).
Thereafter, AGC commenced an investigation into allegations that respondent had continued to practice law while suspended in contravention of this Court's November 2018 order. Accordingly, AGC moved for an order immediately disbarring respondent for engaging in the unauthorized practice of law or, alternatively, finding respondent in contempt of the November 2018 order and sanctioning him as a result (see Judiciary Law § 90 [2]). By October 2019 order, this Court granted that part of AGC's motion seeking to find respondent in contempt, found that such conduct constituted conduct prejudicial to the administration of justice and suspended respondent from the practice of law for a period of one year (176 AD3d 1474 [2019]). Respondent has not applied for his reinstatement and remains suspended to date.
AGC now seeks to again hold respondent in contempt of the 2018 order of suspension, alleging that respondent has engaged in additional instances of the unauthorized practice of law previously unknown to the Court. Further, AGC alleges that respondent has engaged in conduct in contempt of the 2019 order suspending him for one year. Alternatively, AGC asks this Court to again suspend respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) and (5) based upon either his failure to cooperate with its investigation into two additional client complaints or due to uncontroverted evidence of misconduct arising from his management of his attorney escrow account and his failure to abide by his biennial registration requirement. Respondent opposes the motion and AGC has in turn submitted a reply with permission of this Court.
Turning first to that part of AGC's motion seeking to find respondent in contempt, an attorney who violates a disciplinary order of this Court may be found in contempt of court and sanctioned accordingly (see Judiciary Law § 90 [2]). This Court has treated the manner of contempt contemplated in Judiciary Law § 90 (2) as akin to a finding of criminal contempt, which requires that AGC establish beyond a reasonable doubt that a respondent willfully violated "'a lawful order of the court clearly expressing an unequivocal mandate'" (Town of Copake v 13 Lackawanna [*2]Props., LLC, 73 AD3d 1308, 1309 [2010], quoting Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987]; see Matter of Marmor, 71 AD3d 30, 31-32 [2009], mod 82 AD3d 1717 [2011]; Matter of Roberts, 245 AD2d 951, 952 [1997]; Matter of Abbott, 175 AD2d 396, 398 [1991], appeal dismissed 78 NY2d 1124 [1991]; see also Matter of Kalpakis, 67 AD3d 185, 187 [2009]). Moreover, where, as here, the contempt motion seeks expedited relief in the absence of a fact-finding hearing, we have required that the motion be supported by uncontroverted evidence of a knowing violation of that order via documentary proof or admissions by the attorney in question (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Campito], 179 AD3d 1346, 1347 [2020]; Matter of Meagher, 178 AD3d 1351, 1353 [2019]).
In support of its allegation that respondent is in contempt of the 2018 order of suspension, AGC asserts that it has recently discovered that respondent was involved in several real estate transactions over and above those that were previously raised in AGC's 2019 contempt motion that resulted in his one-year suspension. To this end, AGC submits records demonstrating that respondent wrote various checks from his attorney escrow account during the period he was suspended, including several to cash, as part of his role in these additional transactions. Moreover, AGC contends that respondent concealed the existence of these transactions despite being the subject of the 2019 motion seeking to hold him in contempt for similar conduct related to two other transactions. In response, respondent contends that he did not intentionally conceal his involvement in these transactions in order to deceive this Court; rather, at the time of the motion practice, he was maintaining his position that he could continue his involvement with these various real estate transactions in his role as a real estate broker.
The language in our November 2018 order suspending respondent clearly forbade him from "hold[ing] himself out in any way as an attorney and counselor-at-law in this State" (166 AD3d at 1374). Noting that language, we emphasize that a suspended attorney's continuing use of any medium that conveys that he or she is an attorney in good standing is improper (see Judiciary Law § 478; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Campito], 179 AD3d at 1347; Matter of Elliott, 118 AD2d 293, 295 [1986]). Thus, regardless of respondent's beliefs regarding the propriety of his role and involvement in those transactions, it is indisputable that his continued use of his attorney escrow account was forbidden, and the fact that he was contesting the allegations of contempt in the context of the prior motion does not excuse his actions (see Matter of Herzberg, 163 AD3d 220, 225-226 [2018]; Matter of Veski, 42 AD3d 122, 124[*3][2007]; Matter of Brown, 31 AD3d 46, 50-52 [2006]). We therefore grant AGC's motion in part, find respondent in contempt of this Court's order and further find that such conduct constitutes conduct prejudicial to the administration of justice (see Matter of Meagher, 178 AD3d at 1353; see also Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). However, we find that AGC has not met its burden as to the remainder of the allegations concerning respondent's purported contempt, and we therefore deny that part of its motion without prejudice to further formal disciplinary proceedings, should AGC deem them appropriate (see Matter of Giovati, 171 AD3d 214, 215 [2019]).[FN1]
Turning to that part of AGC's motion seeking an interim suspension for respondent's failure to cooperate with its investigation, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) provides that the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension (see Matter of Krinsky, 195 AD3d 1149, 1150-1151 [2021]). Respondent does not directly address his failure to provide a response to AGC concerning the two recent client complaints. Accordingly, we deem those allegations uncontroverted and find that AGC has sufficiently established respondent's failure to respond to multiple notices directing him to address the allegations in those complaints and that such conduct immediately threatens the public interest. Further, we find that respondent's submission of a response to the instant motion is insufficient to demonstrate his compliance with AGC's investigations (see id. at 1151; see also Matter of Siegel, 193 AD3d 1177, 1178 [2021]; Matter of Burney, 183 AD3d 1005, 1006-1007 [2020]; Matter of Tan, 164 AD3d 1537, 1538 [2018]). Respondent is required to provide a direct response to AGC in order to allow it to complete its investigatory functions.
Further, AGC also seeks to suspend respondent based upon uncontroverted evidence of misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [5]; see generally Matter of Giuliani, 197 AD3d 1 [2021]). To this end, AGC has presented clear evidence that respondent wrote various checks from his escrow account to cash. In response, respondent admits his conduct and explains that he did so on the advice of his banking institution, and he then used those funds to purchase cashier's checks to issue to his clients or other entities in the course of various transactions. However, Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (e) states that checks written by an attorney from his or her escrow account "shall be made only to a named payee and not to cash." The rule is clear and unambiguous, and respondent was under no circumstances permitted to write checks to cash from his escrow account, regardless of whether he was relying on the advice of his banking institution (see Matter of Cassidy, 181 AD3d 51, 53 [2020]; Matter of [*4]Kaplan, 113 AD3d 184, 186 [2013]; see also Simon's NY Rules of Prof. Conduct § 1.15:58). We therefore find that AGC has submitted uncontroverted evidence of misconduct and grant that part of AGC's motion seeking to suspend respondent on that basis.
AGC also notes that respondent is delinquent in his attorney registration requirements (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [c]). "Judiciary Law § 468—a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 require that attorneys admitted to practice in New York file a registration statement with the Office of Court Administration on a biennial basis" and "[t]he failure to duly register as an attorney 'shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division . . . for disciplinary action'" (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1706-1707 [2019], quoting Judiciary Law § 468—a [5]). Moreover, even an attorney who has been previously suspended from the practice of law has a continuing obligation to fulfill his or her biennial registration requirements (see Matter of Castillo, 157 AD3d 1158, 1159 n 3 [2018], lv denied 31 NY3d 906 [2018]). AGC has provided proof of respondent's current registration delinquency, which extends from October 2020 to date, and respondent concedes his delinquency. Further, respondent has not remedied the delinquency despite being notified of same. Accordingly, we grant that part of AGC's motion seeking to suspend respondent for engaging in conduct immediately threatening the public interest based upon uncontroverted evidence of misconduct pertaining to his ongoing registration delinquency. Finally, we deny those parts of AGC's motion contending that the allegations in the two most recent client complaints present incontrovertible evidence of misconduct, noting that those investigations may continue in AGC's discretion.
Turning to the appropriate sanction, we note that any suspension issued pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 is necessarily for an indefinite period of time. A respondent suspended under this provision may thus seek reinstatement from his or her suspension whenever he or she can make a proper demonstration that he or she has satisfactorily complied with AGC's requests concerning its investigation. With this in mind, having granted that part of AGC's motion seeking to suspend respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), we remind him that he has an affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order, and that his failure to do so may result in his disbarment without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Enekwe, 186 AD3d 1875, 1877 [2020]). Furthermore, in light of our determination that [*5]respondent has engaged in further contempt of our 2019 order, we deem it appropriate to set a minimum term to the order of suspension issued in this order. Respondent's failure to apprise this Court that he was using his attorney escrow account in matters beyond those that were the subject of the 2019 motion deprived us of the opportunity to consider those actions as part of our prior determination as to the appropriate sanction for respondent's contempt. We therefore find that further discipline beyond the one-year period we previously issued is warranted. Accordingly, noting the excessive use of his attorney escrow account during the period in question, we have determined that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, a six-month suspension from the effective date of this order is appropriate under the circumstances (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is partially granted in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing concerning the above determinations pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (c); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings concerning those allegations set forth in paragraphs 43 through 47 of the May 25, 2021 affirmation of counsel for the Attorney Grievance Committee for the Third Judicial Department within six months from the date of this decision may result in his disbarment by the [*6]Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: In light of our determination, we deny respondent's request for a hearing on the motion as unnecessary.