Matter of Mahar (2021 NY Slip Op 06913)





Matter of Mahar


2021 NY Slip Op 06913


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

PM-174-21
[*1]In the Matter of Lawrence Joseph Mahar, a Suspended Attorney. (Attorney Registration No. 1138817.)

Calendar Date:October 18, 2021

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Stephen A. Pechenik, Latham, for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1978 and lists a business address in the Town of Clifton Park, Saratoga County. Respondent was suspended from the practice of law, by May 2019 order of this Court, upon proof that he had engaged in conduct prejudicial to the administration of justice by failing to comply with his biennial registration requirements beginning with the 2010-2011 registration period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1739 [2019]). Said suspension remains in full force and effect.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for an order pursuant to Judiciary Law §§ 90 (2) and 750 finding respondent in contempt of this Court's order of suspension. AGC further moves to suspend respondent on an interim basis pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), alleging his failure to cooperate with its investigation into a complaint of professional misconduct. In response, respondent cross-moves to stay the proceeding pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.11. AGC has submitted a reply to respondent's cross motion and respondent has submitted a surreply.
We initially find that respondent has failed to establish his entitlement to relief pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.11, inasmuch as his submission does not contain sufficient support for his contention that the alleged misconduct underlying this proceeding is attributable to his alleged impairment (see Matter of Pierre, 153 AD3d 306, 311 [2017]). We therefore deny his cross motion and turn first to that part of AGC's motion seeking to find respondent in contempt. We note that that we have treated the manner of contempt contemplated in Judiciary Law § 90 (2) as akin to a finding of criminal contempt and therefore require that AGC establish, beyond a reasonable doubt, that a respondent willfully violated a lawful order of this Court (see Matter of Marmor, 71 AD3d 30, 31-32 [2009], mod 82 AD3d 1717 [2011]; Matter of Roberts, 245 AD2d 951, 952 [1997]; Matter of Abbott, 175 AD2d 396, 398 [1991], appeal dismissed 78 NY2d 1124 [1991]; see also Matter of Kalpakis, 67 AD3d 185, 187 [2009]). Because a contempt proceeding such as the one before us is conducted in the absence of a hearing, we require that it be supported by uncontroverted evidence of a knowing violation of that order via documentary proof or admissions by the attorney in question (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Campito], 179 AD3d 1346, 1347 [2020]; Matter of Meagher, 178 AD3d 1351, 1353 [2019]).
Respondent concedes that he learned of his suspension in late May 2019 and that he subsequently represented clients in two separate real estate matters (see Matter of Barry, 176 AD3d 1474, 1475 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Campito], 179 AD3d at 1348; see also [*2]Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [b]). Consistent with respondent's admission, AGC has supported its motion with uncontroverted evidence of his involvement in those matters, providing various documents along with the affirmations of those other attorneys involved in those transactions, which were undertaken after respondent had become aware of his suspension. Further, respondent notes that he filed certain documents with Supreme Court in Rensselaer County, prior to his suspension; however, he admittedly failed to advise the court of his suspension after learning of same (see Matter of Meagher, 178 AD3d at 1353). Altogether, we find that AGC has presented uncontroverted evidence that respondent engaged in the unauthorized practice of law in contravention of this Court's suspension order. We therefore grant that part of AGC's motion seeking to find respondent in contempt of this Court's order based upon his participation in the aforementioned real estate matters and his failure to advise Supreme Court of his suspension, and further find that such conduct constitutes conduct prejudicial to the administration of justice (see Matter of Barry, 176 AD3d at 1475-1476; see also Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).
Turning to that part of AGC's motion seeking respondent's interim suspension as a consequence of his failure to cooperate with its investigation, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) provides that the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to establish conduct immediately threatening the public interest justifying the respondent's suspension while the investigation proceeds (see Matter of Krinsky, 195 AD3d 1149, 1150-1151 [2021]). Based on the parties' submissions, we find it appropriate to grant that part of AGC's motion seeking to suspend respondent for his failure to cooperate with AGC's investigation. In this respect, it is clear that respondent ignored several notices from AGC seeking a response to a client complaint. Further, while respondent's submission appears to briefly address the substance of the underlying complaint, his responses are insufficient to demonstrate his compliance with AGC's investigation, as he must timely provide his response directly to AGC and allow it to complete its investigatory functions (see Matter of Siegel, 193 AD3d 1177, 1178 [2021]).
In considering the appropriate sanction for respondent's misconduct, we note that his contemptuous conduct is significant as it was undertaken with willful disregard of our order of suspension. That being said, we have considered respondent's remorse and his acknowledgment that his personal circumstances warrant a lengthy separation from the practice of law to allow him to address those issues accordingly. To this point, respondent has taken steps to procure stable nonlegal employment and has also benefited greatly from the assistance [*3]of his counsel, who has taken steps to assist respondent both in this matter and in his personal life. Considering the nature of his misconduct and the foregoing factors in aggravation and mitigation, we find that a one-year suspension is appropriate under the circumstances (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Finally, we note that respondent's suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 is indefinite in length (see Matter of Barry, 198 AD3d 1255, 1260 [2021]). However, in light of our determination to suspend him for one year for his contemptuous conduct, we also remind respondent that he has an affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC regarding the client complaint that precipitated that part of AGC's motion seeking relief pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (see Matter of Burney, 183 AD3d 1005, 1006-1007 [2020]). We further note to respondent that his failure to provide such cooperation within six months of this order may result in his disbarment without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's cross motion to stay the proceeding pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.11 is denied; and it is further
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is partially granted in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing concerning the above determinations pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (c); [*4]and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings concerning those allegations set forth in paragraphs 41-47 of the July 22, 2021 affirmation of counsel for the Attorney Grievance Committee for the Third Judicial Department within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).