Matter of Basch (2020 NY Slip Op 03057)





Matter of Basch


2020 NY Slip Op 03057


Decided on May 28, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 28, 2020

PM-77-20

[*1]In the Matter of Solomon Hertzel Basch, a Suspended Attorney. (Attorney Registration No. 2469484.)

Calendar Date: May 26, 2020

Before: Mulvey, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2004 and lists a business address in New Jersey. In May 2019, this Court suspended respondent from the practice of law indefinitely upon proof that he had been delinquent in his attorney registration obligations since 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1711 [2019]). Respondent remains delinquent in his registration obligations to date.
In 2017, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into respondent based upon its receipt of a complaint from his former client alleging that, among other things, respondent had neglected his workers' compensation claim and had ceased responding to all attempts to communicate. Respondent initially demonstrated no indication that he would cooperate with the investigation, prompting AGC to move for his interim suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). On the eve of the return date for that motion, respondent contacted AGC and this Court, pledging his willingness to abide by AGC's documentary and testimonial requests. As a result, the motion was held in abeyance and ultimately withdrawn by AGC in February 2018.
However, respondent thereafter ceased cooperating with AGC's investigation and was also noncompliant with AGC's demands concerning a second, unrelated client complaint containing similar allegations of misconduct. Accordingly, AGC again moved for respondent's interim suspension, and we granted the motion and suspended respondent in September 2019 (175 AD3d 1772 [2019]). In our order suspending respondent, we specifically advised him that he had an "affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order" (175 AD3d at 1774). Now, owing to his failure to respond or appear for further investigatory or disciplinary proceedings for a period of more than six months since the date of his interim suspension, AGC moves to disbar respondent and strike his name from the roll of attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).
AGC has provided respondent with notice of its application to disbar him, despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Croak, 156 AD3d 1111, 1112 [2017], appeal dismissed 31 NY3d 997 [2018]). Nevertheless, to date, respondent has not submitted a response to AGC's application, indicating his lack of interest in his fate as an attorney in this state. Accordingly, we grant AGC's motion and find that respondent should be disbarred from the practice of law in this state (see Matter of Reynolds, 175 AD3d 1765, 1766 [2019]; Matter of Fritzsch, 170 AD3d 1422, 1422 [2019], lv dismissed 34 NY3d 943 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]).
Mulvey, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).