Matter of Burney (2020 NY Slip Op 08151)





Matter of Burney


2020 NY Slip Op 08151


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

PM-178-20

[*1]In the Matter of Nathaniel Edward Burney, a Suspended Attorney. (Attorney Registration No. 2976066.)

Calendar Date: November 30, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Nathaniel Edward Burney, Florence, Alabama, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1999 and presently lists an Alabama business address with the Office of Court Administration. Following receipt of a client complaint, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into potential misconduct on the part of respondent. Thereafter, alleging that respondent had failed to cooperate with its investigation, AGC moved for respondent's interim suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent initially provided a response in opposition, prompting AGC to ask this Court to hold its motion in abeyance and allow respondent another opportunity to cooperate with AGC's investigation. However, owing to respondent's failure to comply with further requests for information and documentation, AGC renewed its motion in February 2020. Accordingly, we ultimately granted AGC's motion and suspended respondent in May 2020 (Matter of Burney, 183 AD3d 1005 [2020]). Said suspension remains in effect.
Due to respondent's failure to respond or appear for further investigatory or disciplinary proceedings for a period of more than six months since the date of his interim suspension, AGC, by letter motion dated November 9, 2020, now seeks to disbar respondent and strike his name from the roll of attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]). Although AGC was not required to provide notice to respondent of the instant application, it nonetheless did so. In response, respondent submitted email correspondence opposing the motion. With this Court's permission, AGC submitted a reply and respondent submitted a surreply.
Respondent contends that he was unaware of the order suspending him, which explains his noncompliance with AGC's investigation. However, despite his protestations to the contrary, we find that the affidavits submitted by AGC demonstrate that respondent was properly noticed of his suspension. Specifically, the affidavit of AGC's office manager speaks to the routine office procedures for sending notices of this Court's orders to respondents based on her personal knowledge and involvement in that process (cf. Econopouly v Econopouly, 167 AD3d 1378, 1378 [2018]; Elia v Highland Cent. School Dist., 78 AD3d 1265, 1267 [2010]). Further, she has submitted an affidavit that specifically attests to sending respondent notice of his suspension by mail and by email to addresses that respondent does not dispute were accurate at the time those notices were sent. Finally, we note that this Court itself also twice sent respondent the order suspending him to the same email address that he has routinely used to communicate with AGC and this Court. Accordingly, we find no merit to respondent's contention that he was not noticed that he had been suspended.
As to his continued [*2]noncompliance, respondent argues that his single response to AGC, submitted at the eleventh-hour on AGC's motion seeking to suspend him, warranted the discontinuance of any further investigation into his alleged misconduct. We note that an attorney's bare statement that he or she is willing to comply is insufficient to demonstrate actual compliance. To this point, AGC sought further information that, as part of its investigation, it was lawfully entitled to, and respondent ignored that request and, to date, has provided no response to AGC's inquiry (see Matter of Fritzsch, 170 AD3d 1422, 1422 [2019], lv dismissed 34 NY3d 943 [2019]).[FN1] It is well established — as this Court specifically reiterated in its suspension order — that a respondent has an affirmative obligation to reach out to AGC to offer compliance following an order suspending him or her pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9. Respondent has taken no action to offer his compliance and, accordingly, we find that he should be disbarred.
Garry, P.J., Egan Jr., Lynch, Mulvey and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that, prior to our order suspending him, respondent submitted an email to this Court stating that he no longer had access to his firm's files. We emphasize that the failure to properly maintain files does not provide an excuse for noncompliance with requests for information from AGC during an investigation (see Matter of Ackerman, 176 AD3d 1476, 1477 [2019]). To this point, a respondent who cannot provide responsive documents must submit to the requests of AGC in some manner sufficient to allow AGC to conclude its investigation and determine if formal disciplinary charges are appropriate.