Matter of Harp (2023 NY Slip Op 02577)

Matter of Harp

2023 NY Slip Op 02577

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

PM-104-23
[*1]In the Matter of Kimberly Anne Harp, a Suspended Attorney. (Attorney Registration No. 3017985.)

Calendar Date:April 24, 2023

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2000 and most recently maintained a law office in the Town of Clifton Park, Saratoga County. In June 2020, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into respondent's conduct in a real estate transaction. In short, the investigation was based upon a check drawn on respondent's business account having been returned for insufficient funds and AGC's resulting suspicion that respondent had improperly deposited client funds into that account (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [a]). Alleging that respondent had been uncooperative in its investigation, AGC moved for, inter alia, respondent's interim suspension by order to show cause made returnable in April 2021. Ultimately, that motion was withdrawn in July 2021 following respondent's appearance for a sworn examination.
AGC thereafter moved again for respondent's interim suspension, by order to show cause marked returnable in February 2022, alleging that her admissions under oath — and other uncontroverted evidence — established her misappropriation and commingling of client and other funds and her engagement in conduct involving dishonesty, fraud, deceit or misrepresentation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [2], [5]; Rules of the App Div, 3d Dept [22 NYCRR] § 806.9). Although the matter was adjourned upon respondent's request, she ultimately did not substantively respond to same and we suspended her on an interim basis in June 2022, cautioning respondent that her failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of our decision may result in her disbarment without further notice (see Matter of Harp, 206 AD3d 1438, 1439 [3d Dept 2022]). Now alleging that respondent has remained uncooperative with its investigation for more than six months, AGC seeks an order disbarring respondent by order to show cause marked returnable March 27, 2023 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]). Respondent sought and received a four-week adjournment, thereby making the motion returnable on April 24, 2023. Despite this adjournment, respondent has not responded to AGC's motion to date.
An attorney who has been suspended on an interim basis pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) "and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice" (see Matter of Basch, 183 AD3d 1224, 1225 [3d Dept 2020]). The record reveals that respondent has ceased cooperating with AGC's investigation and, since her suspension, has been noncompliant with AGC's demands concerning a second, unrelated client complaint. AGC has provided respondent with notice of its application to disbar [*2]her, although having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]), and respondent has failed to submit a response to AGC's instant application, despite seeking and receiving a four-week adjournment, thereby demonstrating her lack of interest in her fate as an attorney in this state. This conclusion is further supported by the fact that respondent is now delinquent in her biennial attorney registration requirements. As such, we grant AGC's motion and disbar respondent (see Matter of Burney, 189 AD3d 2048, 2048-2049 [3d Dept 2020]; Matter of Basch, 183 AD3d at 1225; Matter of Fritzsch, 170 AD3d 1422, 1423 [3d Dept 2019]).
Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).