Matter of Cohen (2023 NY Slip Op 03398)

Matter of Cohen

2023 NY Slip Op 03398

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

PM-131-23
[*1]In the Matter of Robert Morris Cohen, a Suspended Attorney. (Attorney Registration No. 1377753.)

Calendar Date:June 5, 2023

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by the First Department in 1972 and previously maintained a longstanding law practice in Saratoga County. Alleging that respondent had been uncooperative in its investigation of a complaint of client neglect, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moved to suspend respondent from practice on an interim basis (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; Rules of App Div, 3d Dept [22 NYCRR] § 806.9). Respondent did not respond to the motion and we granted same by June 2022 order, suspending respondent until further order of this Court (206 AD3d 1338 [3d Dept 2022]). Now, after receiving two additional complaints of client neglect, by order to show cause made returnable April 10, 2023, AGC alleges respondent's continued lack of cooperation and seeks his disbarment (see Rules for Atty Disciplinary Matters [22 NYCRR] §1240.9 [b]). The instant motion by AGC is brought more than six months after the date of respondent's suspension (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]), and although AGC was not required to provide notice to respondent of the instant application, it nonetheless did so. However, respondent failed to provide a response despite requesting multiple adjournments to provide same.
We find that the evidence submitted by AGC demonstrates that respondent was properly noticed of the complaints lodged against him, his appearance for examination, his June 2022 suspension, as well as the instant motion seeking his disbarment. We also note that this Court itself also sent correspondence to respondent notifying him of the instant proceeding, and that such was sent to respondent's email address listed with the Office of Court Administration as well as the email address respondent listed on the New York State Courts Electronic Filing system. Despite these attempts to contact respondent, respondent has failed to answer the complaints.
We also conclude that respondent has demonstrated his "lack of interest in his fate as an attorney" by way of his pattern of client neglect as well as his failure to adhere to his attorney registration obligations (Matter of Basch, 183 AD3d 1224, 1225 [3d Dept 2020]; see Matter of Barry, 198 AD3d 1255, 1256-1260 [3d Dept 2021]). We have also considered allegations that respondent may have engaged in the practice of law during the time of his suspension, as well as his failure to take any action to reach out to AGC to offer compliance following his suspension despite requesting additional time to do so (see Matter of Burney, 189 AD3d 2048, 2050 [3d Dept 2020]). Accordingly, it is submitted that respondent's continuing noncompliance with AGC, his pattern of client neglect, his practice of law in contravention of this Court's order and his failure to timely register warrant his disbarment.
Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the motion [*2]of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).