Matter of Canizio (2023 NY Slip Op 03840)

Matter of Canizio

2023 NY Slip Op 03840

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

PM-151-23
[*1]In the Matter of Nicholas R. Canizio, a Suspended Attorney. (Attorney Registration No. 1623727.)

Calendar Date:June 26, 2023

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by the First Department in 1979 and last listed a Tioga County business address with the Office of Court Administration. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been investigating respondent's conduct following an October 2016 dishonored check report issued by a bank concerning respondent's escrow account. Alleging that respondent had been uncooperative in its investigation of his conduct, AGC moved for respondent's interim suspension. We granted AGC's motion and suspended respondent indefinitely by November 3, 2022 order (Matter of Canizio, 210 AD3d 1187, 1188-1889 [3d Dept 2022]). Now, by order to show cause marked returnable June 26, 2023, AGC moves for respondent's disbarment alleging his continued lack of cooperation with its investigation of his conduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]). Alternatively, AGC seeks to hold respondent in contempt of this Court's order of suspension due to his continued practice of law while suspended (see Judiciary Law §§ 90 [2]; 750 [a] [3]; [b]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [a]). Respondent has not responded to the motion.
An attorney suspended on an interim basis pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice (see Matter of Harp, 216 AD3d 1301, 1302 [3d Dept 2023]; Matter of Basch, 183 AD3d 1224, 1225 [3d Dept 2020]; see also Rules for Atty Disciplinary Matters § 1240.9 [b]). As to AGC's alternative request to hold respondent in contempt, Judiciary Law § 90 requires our suspension and disbarment orders to include language that instruct an impacted attorney to desist and refrain from the practice of law, forbid the attorney from appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, and refrain from giving legal opinions or advice (see Judiciary Law § 90 [2] [a], [b]). We have "treated the manner of contempt contemplated in Judiciary Law § 90 (2) as akin to a finding of criminal contempt and therefore require that AGC establish, beyond a reasonable doubt, that a respondent willfully violated a lawful order of this Court," and AGC must produce "uncontroverted evidence of a knowing violation of that order via documentary proof or admissions by the attorney in question" (Matter of Mahar, 200 AD3d 1295, 1296 [3d Dept 2021]). Should an attorney engage in the practice of law despite a suspension order, Judiciary Law § 750 (b) uniquely provides us with the ability to hold such an attorney in contempt. Such a finding of contempt may amount to conduct prejudicial to the administration of justice, thereby warranting the imposition of further discipline (see Judiciary Law § 90 [[*2]2]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Campito], 179 AD3d 1346, 1348 [3d Dept 2020]).
Here, AGC provided respondent with a copy of this Court's order suspending him from the practice of law, advising him in separate correspondence that accompanied the order that his failure to respond or appear for further investigatory or disciplinary proceedings within six months of the date of the suspension order may result in his disbarment. Similarly, the order also advised respondent of the possibility of his disbarment should he continue to not cooperate with AGC's investigation, and further appropriately commanded that he was to desist and refrain from the practice of law in New York (see Matter of Canizio, 210 AD3d at 1189). AGC has produced various documents that demonstrate that, since the suspension order was issued, respondent has continued to engage in the practice of law, representing clients and providing legal advice. Moreover, respondent's conduct is further aggravated by his failure to respond to the instant motion (see Matter of Basch, 183 AD3d at 1225) and to respond to a second, unrelated client complaint, as well as his failure to file an affidavit of compliance (see Matter of Battaglia, 166 AD3d 1281, 1282 n [3d Dept 2018]) and to maintain his biennial attorney registration requirements. Given that he has not responded to the motion or otherwise sought to controvert AGC's evidence of his purported unauthorized practice of law, respondent's conduct, as established by AGC, amounts to conduct prejudicial to the administration of justice (see Matter of Meagher, 178 AD3d 1351, 1353 [3d Dept 2019]). In consideration of all the facts presented, we disbar respondent (see Matter of Basch, 183 AD3d at 1225; Matter of Fritzsch, 170 AD3d 1422, 1423 [3d Dept 2019], lv dismissed 34 NY3d 943 [2019]).
Egan Jr., J.P., Aarons, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in its entirety; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Atty Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit [*3]of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).