Matter of Krinsky (2023 NY Slip Op 04176)

Matter of Krinsky

2023 NY Slip Op 04176

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

PM-164-23
[*1]In the Matter of Pery D. Krinsky, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Pery D. Krinsky, Respondent. (Attorney Registration No. 4084844.)

Calendar Date:May 22, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), petitioner.
Law Office of Meredith S. Heller, PLLC, New York City (Meredith S. Heller of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by the First Department in 2002 and most recently maintained a law practice in Manhattan primarily focused upon the defense of other attorneys in professional misconduct matters. In August 2018, the Attorney Grievance Committee for the First Judicial Department commenced a sua sponte investigation of respondent's conduct in connection with his neglectful representation of another attorney in a dishonored check matter before it. Respondent's file was thereafter transferred to this Court by May 2019 order of the First Department. An additional matter concerning respondent's allegedly deficient representation of a second disciplinary client was thereafter also transferred to this Court by May 2020 First Department order.
Alleging that respondent had been uncooperative in its investigations, petitioner moved for respondent's interim suspension. Respondent was heard in response to the motion and the Court granted petitioner's motion and suspended respondent by June 2021 order (Matter of Krinsky, 195 AD3d 1149 [3d Dept 2021]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). Respondent subsequently requested a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]) and, upon petitioner's ensuing petition of charges and respondent's joinder of issue, petitioner moved for an order declaring that there were no disputed issues of material fact, deeming the misconduct established and confirming respondent's interim suspension. Despite respondent's opposition to petitioner's motion and his cross-motion for, inter alia, leave to amend his answer and for his conditional reinstatement, this Court, inter alia, granted petitioner's motion and confirmed respondent's interim suspension by October 2022 order (Matter of Krinsky, 209 AD3d 1256 [3d Dept 2022]). Now alleging that respondent has remained uncooperative with its underlying investigation of his conduct, petitioner moves for respondent's disbarment (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.9 [b]). Respondent has submitted papers in opposition to petitioner's motion, petitioner has been heard in reply, and respondent was heard in sur-reply.
Petitioner may seek to disbar an attorney who has been suspended on an interim basis pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) "on the basis that he [or she] has failed to respond or otherwise appear for further investigatory or disciplinary proceedings within six months from the date of entry of this Court's suspension order" (Matter of Reynolds, 175 AD3d 1765, 1765 [3d Dept 2019]). In such an instance, petitioner is under no obligation to provide the respondent with notice of its application to disbar him or her (see Matter of Basch, 183 AD3d 1224, 1225 [3d Dept 2020]). Here, our June 2021 order, which was served on respondent by petitioner, specifically reminded him that he had the burden[*2]"to make efforts to respond or appear for further investigatory or disciplinary proceedings before [petitioner] within six months of this order," and that his failure to do so could result in his disbarment (Matter of Krinsky, 195 AD3d at 1151). As such, respondent was advised of his obligation to comply with petitioner's investigation and requests for information as to these two client complaints, or potentially face disbarment. While respondent attempts to argue that his answers are not "eleventh-hour" responses, the record reveals that respondent took no steps to appear before petitioner or provide the required answers to the two client complaints until after petitioner moved to disbar him (Matter of Burney, 189 AD3d 2048, 2049 [3d Dept 2020]; see Matter of Fritzsch, 170 AD3d 1422, 1423 [3d Dept 2019], lv dismissed 34 NY3d 943 [2019]). Given the timing of his responses to the two client complaints, respondent's newly expressed willingness to sit for a scheduled examination and to provide additional information to petitioner is, at this time, "insufficient to demonstrate actual compliance" and does not warrant the discontinuance of the instant proceeding (Matter of Burney, 189 AD3d at 2049). As to respondent's arguments that a medical condition impeded his ability to respond to petitioner's inquiries, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) examines whether the respondent "failed to respond or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension." Respondent has not offered any showing that he attempted to cooperate with petitioner's investigation of the two client complaints during the relevant time frame following our confirmation of his interim suspension in October 2022; thus, his medical defense does not sufficiently rebut petitioner's assertion on this point. Accordingly, we grant petitioner's motion to disbar respondent (see Matter of DiStefano, 161 AD3d 1444, 1445 [3d Dept 2018]; Matter of Croak, 156 AD3d 1111, 1112 [3d Dept 2017], appeal dismissed 31 NY3d 997 [2018]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that petitioner's motion is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent [*3]shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).