Matter of Fauci (2023 NY Slip Op 05781)

Matter of Fauci

2023 NY Slip Op 05781

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

PM-262-23
[*1]In the Matter of Michael Salvatore Fauci, a Suspended Attorney. (Attorney Registration No. 2596831.)

Calendar Date:November 6, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1994, and most recently maintained a law practice in the Village of Endicott, Broome County. By December 2021 order, however, this Court suspended respondent from practice upon allegations that he had been uncooperative with the investigation of his conduct by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) (Matter of Fauci, 200 AD3d 1474 [3d Dept 2021]).[FN1] Alleging that respondent has remained uncooperative with its investigation of his conduct since his suspension, AGC now moves for his disbarment by order to show cause and affirmation of counsel, and respondent has not responded to AGC's motion.
An attorney suspended on an interim basis pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by this Court without further notice (see Matter of Canizio, 218 AD3d 962, 963 [3d Dept 2023]; Matter of Cohen, 217 AD3d 1248, 1249 [3d Dept 2023]; Matter of Harp, 216 AD3d 1301, 1302 [3d Dept 2023]). The record herein reveals that, since his December 2021 interim suspension, respondent has failed to provide responses to the three client complaints giving rise to AGC's investigation of his conduct and has otherwise failed to demonstrate his cooperation with AGC's investigation into these matters. Moreover, the record further reveals that respondent has similarly failed to respond to additional complaints of professional misconduct received by AGC from June 2021 through June 2022, which complaints include serious allegations of client neglect and failure to return client funds, among other misconduct. Although not obligated to do so, AGC has nonetheless provided respondent with a copy of the order suspending him from the practice of law, advising him in separate correspondence that his failure to respond or appear for further investigatory or disciplinary proceedings within six months of the date of the suspension order may result in his disbarment, and this Court's order similarly advised him of the possibility of his disbarment should he continue to not cooperate with AGC's investigation (see Matter of Fauci, 200 AD3d at 1475). Given the facts and circumstances presented, including respondent's failure to respond to the instant motion, as well as his failure to file an affidavit of compliance required by the Court's order (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]), which aggravates his misconduct (see e.g. Matter of Battaglia, 166 AD3d 1281, 1282 n [3d Dept 2018]), we grant AGC's motion and disbar respondent (see Matter of Canizio, 218 AD3d at 964; Matter of Harp, 216 AD3d at 1302; Matter of Burney, 189 AD3d 2048, 2050 [3d Dept 2020]; Matter of Fritzsch, 170 AD3d 1422, 1423 [3d Dept 2019]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Fisher, JJ., concur.
ORDERED [*2]that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in its entirety; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Following respondent's suspension, the Broome County Bar Association moved for its appointment as limited custodian of respondent's legal files, alleging that he had effectively abandoned his practice and his existing clientele, as demonstrated by his persistent failure to respond to client and court inquiries. Respondent did not respond to the motion and, by June 9, 2023 confidential order, we appointed the Association as limited custodian of respondent's legal files, and the Association continues in this custodial role to date.