Matter of Gearing (2025 NY Slip Op 02260)

Matter of Gearing

2025 NY Slip Op 02260

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

PM-92-25
[*1]In the Matter of John Frederick Gearing, a Suspended Attorney. (Attorney Registration No.4401782.)

Calendar Date:March 10, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and last maintained a law office in the Town of Niskayuna, Schenectady County. In May 2023, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation of a client's complaint alleging that respondent had neglected an appeal of a criminal matter arising in Schenectady City Court, resulting in dismissal of the appeal by the Schenectady County Court. Although respondent initially responded to the complaint, he thereafter failed to respond to AGC's subsequent requests for information and did not appear for an examination under oath. AGC thereafter moved for respondent's interim suspension, and in June 2024 we suspended respondent pending AGC's investigation (228 AD3d 1055 [3d Dept 2024]). Citing respondent's continued failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension, AGC now moves for respondent's disbarment. Respondent has not supplied a response to the motion to date.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b), a respondent who has been suspended for failing to cooperate with an investigation, and who thereafter fails to respond or appear for further disciplinary proceedings within six months from the date of his or her suspension, may be disbarred without further notice (see e.g. Matter of Krinsky, 219 AD3d 1014, 1015-1016 [3d Dept 2023]; Matter of Cohen, 217 AD3d 1248, 1248 [3d Dept 2023]; Matter of Burney, 189 AD3d 2048, 2048-2049 [3d Dept 2020]; Matter of Basch, 183 AD3d 1224, 1225 [3d Dept 2020]). The record reveals that AGC served respondent with the suspension order, both via first-class mail at his home address and via email, both of which addresses are on file with the Office of Court Administration (hereinafter OCA). The correspondence from AGC called respondent's attention to the fact that, should he fail to respond or appear for further investigatory or disciplinary proceedings within six months of the order, AGC would seek his disbarment. Likewise, AGC provides proof of its service on respondent of the instant motion, despite having no obligation to do so (see Rules for Atty Disciplinary Matters (22 NYCRR) § 1240.9 [b]; see also Matter of Basch, 183 AD3d at 1225; Matter of Croak, 156 AD3d 1111, 1112 [3d Dept 2017], appeal dismissed 31 NY3d 997 [2018]). Despite these attempts to contact respondent and engage him in these proceedings, he has failed to respond to AGC's instant motion, indicating his lack of interest in his fate as an attorney in this state (see Matter of Basch, 183 AD3d at 1225). Moreover, we note that respondent has failed to file the requisite affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]), and to complete his biennial registration for the 2024-2025 period, which constitutes professional misconduct that warrants the imposition of discipline ([*2]see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD3d 1498, 1500 [3d Dept 2024]) and similarly demonstrates his disinterest in his fate as an attorney (see Matter of Sanghwan Hahn, 235 AD3d 1234, 1235 [3d Dept 2025]). Accordingly, given these facts, and in an effort to protect the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]), we grant AGC's motion and disbar respondent (see e.g. Matter of Cohen, 217 AD3d at 1249; Matter of Croak, 156 AD3d at 1112).
Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).