Matter of Brown (2025 NY Slip Op 05866)

Matter of Brown

2025 NY Slip Op 05866

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

PM-236-25
[*1]In the Matter of Darlene Debra Brown, a Suspended Attorney. (Attorney Registration No. 4329926.)

Calendar Date:August 25, 2025

Before:Garry, P.J., Aarons, Pritzker, Lynch and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice in 2005 and most recently maintained a business address in Texas. In January 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation of a client's complaint, which had alleged that respondent had neglected the client's immigration matter, resulting in an Order of Removal against the client. Although respondent initially requested an extension of time to respond to the notice of complaint, she thereafter failed to respond and failed to appear for an examination under oath. AGC thereafter moved for respondent's interim suspension, and we suspended respondent pending AGC's investigation in November 2024 (232 AD3d 981 [3d Dept 2024]). Citing respondent's continued failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension, AGC now moves for respondent's disbarment. Respondent has not supplied a response to the motion to date.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b), a respondent who has been suspended for failing to cooperate with an investigation, and who thereafter fails to respond or appear for further disciplinary proceedings within six months from the date of his or her suspension, may be disbarred without further notice (see e.g. Matter of Gearing, 237 AD3d 1403, 1404 [3d Dept 2025]; Matter of Fauci, 221 AD3d 1240 [3d Dept 2023]; Matter of Krinsky, 219 AD3d 1014, 1015-1016 [3d Dept 2023]; Matter of Cohen, 217 AD3d 1248, 1248 [3d Dept 2023]). The record reveals that AGC served respondent with the suspension order, both via first-class mail at her business address and home address and via email, all of which had been listed by respondent with the Office of Court Administration. The correspondence from AGC also drew respondent's attention to the fact that, should she fail to respond or appear for further investigatory or disciplinary proceedings within six months of the order, AGC would seek her disbarment. In this vein, AGC provides proof of its service on respondent of the instant motion, despite having no obligation to do so (see Rules for Atty Disciplinary Matters (22 NYCRR) § 1240.9 [b]; see also Matter of Gearing, 237 AD3d at 1404; Matter of Basch, 183 AD3d 1224, 1225 [3d Dept 2020]). Despite AGC's various attempts to contact respondent and engage her in these proceedings, she has failed to respond to the instant motion, demonstrating her lack of interest in her fate as an attorney in this state (see Matter of Gearing, 237 AD3d at 1404-1405; Matter of Basch, 183 AD3d at 1225). Accordingly, given these facts, and in an effort to protect the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]), we grant AGC's motion and disbar respondent (see e.g. Matter of Fauci, 221 AD3d at 1241-1242; Matter of Cohen, 217 AD3d at 1249).
Garry, P.J., Aarons, Pritzker, Lynch and Powers, JJ., concur.
ORDERED that [*2]the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).