Matter of Figueroa

2026 NY Slip Op 03357

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Daniel Figueroa III, a Suspended Attorney. (Attorney Registration No. 4580221)

Decided and Entered:May 28, 2026

PM-116-26

Calendar Date: May 11, 2026

Before: Clark, J.P., Reynolds Fitzgerald, Fisher And Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

[*1]

Per Curiam.

Respondent was admitted to practice by the First Department in 2008 and maintains a business address in Rensselaer County (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). In July and August 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received two separate complaints of professional misconduct against respondent. Following respondent's failure to respond to either complaint upon AGC's directives, respondent was directed to appear for an examination under oath and to produce various records prior to that examination. Although respondent appeared for the examination under oath, he failed to provide the requested documents, and the examination was therefore adjourned to allow respond time to do so. Despite being granted additional time to respond, respondent failed to substantively respond to AGC's requests for information. AGC thereafter moved for respondent's interim suspension and, when respondent failed to respond to the motion, we suspended respondent pending AGC's investigation (241 AD3d 1670 [3d Dept 2025]). Citing respondent's continued failure to respond to further investigatory or disciplinary proceedings within six months from the date of the order of suspension, AGC now moves for respondent's disbarment. Respondent has once again not supplied a response to the motion to date.

Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b), a respondent who has been suspended for failing to cooperate with an investigation, and who thereafter fails to respond to or appear for further disciplinary proceedings within six months from the date of his or her suspension, may be disbarred without further notice (see e.g. Matter of Brown, 242 AD3d 1423 [3d Dept 2025]; Matter of Gearing, 237 AD3d 1403 [3d Dept 2025]; Matter of Fauci, 221 AD3d 1240 [3d Dept 2023]; Matter of Krinsky, 219 AD3d 1014 [3d Dept 2023]). The record reveals that AGC served respondent with the suspension order, both via first-class mail at his business address and via email, all of which had been provided to the Office of Court Administration by respondent. AGC also called attention to the fact that, should respondent fail to respond to or appear for further investigatory or disciplinary proceedings within six months of the order, AGC would seek his disbarment. In this regard, AGC provides proof of its service of the instant motion on respondent, despite having no obligation to do so pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) (see Matter of Brown, 242 AD3d at 1424; Matter of Gearing, 237 AD3d at 1404). Although respondent indicated an intention to respond to the complaints and was provided another extension by AGC, respondent has failed to provide the necessary documents to comply with AGC's demands, indicating his lack of interest in his fate as an attorney in this state (see Matter of Harp, 216 AD3d 1301, 1302 [3d Dept 2023]). We also note that AGC alleges that respondent [*2]may have engaged in the practice of law during the time of his suspension (see Matter of Cohen, 217 AD3d 1248, 1249 [3d Dept 2023]). Accordingly, given these facts, and in order to protect the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]), we grant AGCs motion and disbar respondent (see e.g. Matter of Brown, 242 AD3d at 1423; Matter of Cohen, 217 AD3d at 1249).

Clark, J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor—at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).